Jack Cullen, WSBA #7330
Bryan Glover, WSBA #51045
Andy Morton, WSBA #49467
Ella Vincent, WSBA #51351
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101
Telephone: (206) 447-4689
Facsimile: (206) 749-2001
Email: jc@foster.com
bryan.glover@foster.com
andrew.morton@foster.com
ella.vincent@foster.com

*Attorneys for Plaintiff Kennewick Public Hospital District*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>KENNEWICK PUBLIC HOSPITAL DISTRICT,<br><br>Debtor. | Case No. 17-02025-9 |
| KENNEWICK PUBLIC HOSPITAL DISTRICT, a Washington public hospital district,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF PUGET SOUND, a Washington nonprofit corporation,<br><br>Defendant. | Adv. Proc. No.<br><br>COMPLAINT FOR<br>(1) DECLARATORY JUDGMENT;<br>(2) QUIET TITLE;<br>(3) AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(A)(1)(B); (4) AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(B) AND RCW 19.40.051(1); (5) AVOIDANCE OF JUDGMENT PURSUANT TO 11 U.S.C. § 544(A); AND<br>(6) RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550(A) |

COMPLAINT - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

52876932.3

17-80042-FPC    Doc 1    Filed 11/03/17    Entered 11/03/17 16:56:09    Pg 1 of 15

COMES NOW Kennewick Public Hospital District, by and through its attorneys Foster Pepper PLLC and Jack Cullen, and for its causes of action, states and alleges as follows:

## I. PARTIES

1.1 **Plaintiff.** Kennewick Public Hospital District (d/b/a Trios Health) is a Washington municipal corporation situated in Benton County, Washington and the debtor in the above-captioned case (the "<u>District</u>" or the "<u>Debtor</u>").

1.2 **Defendant.** The University of the Puget Sound is a Washington nonprofit corporation with its principal place of business in Pierce County, Washington ("<u>UPS</u>").

## II. JURISDICTION AND VENUE

2.1 The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 1.2.

2.2 The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is related to *In re Kennewick Public Hospital District*, Case No. 17-02025-FPC9, a case under chapter 9 of the Bankruptcy Code, which is pending in the United States Bankruptcy Court for the Eastern District of Washington. This adversary proceeding is a core proceeding.

2.3 Venue is proper for this adversary proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

COMPLAINT - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52876932.3

17-80042-FPC    Doc 1    Filed 11/03/17    Entered 11/03/17 16:56:09    Pg 2 of 15

## III. FACTUAL BACKGROUND

3.1 The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 2.3.

**A.  The Ayers Property and Wills**

3.1 J. R. and Alice Ayers owned approximately 9,000 acres of property in Benton County, Washington (the "Ayers Property"). Their reciprocal Wills (defined below) included UPS and the District as co-beneficiaries of the Ayers Property. J.R. Ayers died in 1970, and Alice Ayers died in 1973.

3.2 The Wills devised legal title to the Ayers Property to the District and required that, among other things: (1) the District would manage and supervise the Ayers Property without charge, including the preparation of annual accountings of all receipts and disbursements relating to it, and (2) the District as trustee would pay UPS one-half of all the net proceeds from the Ayers Property, together with the annual accounting.

3.3 The Last Will and Testament of J.R. Ayers dated June 20, 1969 ("J.R.'s Will") was filed with the Benton County recorder's office on April 22, 1970. The Last Will and Testament of Alice H. Ayers and the First Codicil, respectively dated June 20, 1969 and February 7, 1972 (collectively, "Alice's Will", and together with J.R.'s Will, the "Wills") were filed with the Benton County recorder's office on March 1, 1973.

3.4 A quit claim deed was executed in 1971 (the "1971 Quit Claim Deed"). The 1971 Quit Claim Deed transferred J.R. Ayers' undivided one-half

COMPLAINT - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52876932.3

17-80042-FPC    Doc 1    Filed 11/03/17    Entered 11/03/17 16:56:09    Pg 3 of 15

interest in the Ayers Property to the District. The 1971 Quit Claim Deed incorporates "all provisions of [J.R.'s] Will including the trust provisions in favor of the University of Puget Sound."

3.5  Another quit claim deed was executed in 1973 (the "<u>1973 Quit Claim Deed</u>"). The 1973 Quit Claim Deed transferred Alice Ayers' undivided one-half interest in the Ayers Property to the District. The 1973 Quit Claim Deed incorporates "the trust provisions in favor of University of Puget Sound" in Alice's Will.

**B.  The 2006 Action**

3.6  As part of the plan to develop and sell the Ayers Property, the District needed to address restrictions in the Wills prohibiting the sale of Ayers Property. In 2006, the District filed an action for declaratory relief that the provisions in the Wills prohibiting the sale of the Ayers Property were void (the "<u>2006 Action</u>").

3.7  Before and after the 2006 Action, the District held legal title to the Ayers Property.

3.8  The 2006 Action removed the restrictions in the Wills regarding the sale of the Ayers Property, but preserved the provisions creating the trust relationship.

3.9  The 2006 Action concluded with a stipulation (the "<u>Stipulation</u>") between the District and UPS clarifying that the District's title was not encumbered by the restraints on alienation in the Wills. The Stipulation also expressly acknowledged and preserved the rights of UPS set forth in the Wills.

COMPLAINT - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52876932.3

17-80042-FPC    Doc 1    Filed 11/03/17    Entered 11/03/17 16:56:09    Pg 4 of 15

3.10 The terms of the Stipulation were incorporated into a judgment entered by Benton County Superior Court on May 22, 2009, which was subsequently recorded. The judgment incorporated the same preservation of rights.

**C.    The District's Water Rights**

3.11 Upon information and belief, in or around 1991, the District initiated proceedings to acquire water rights to irrigate certain parcels of Ayers Property with water from the Columbia River. Upon information and belief, those water rights enhanced the value of the Ayers Property.

3.12 The District obtained a water permit, Water Permit No. G4-30584P, from the State of Washington Department of Ecology (the "<u>Water Permit</u>").

**D.    Sales of Parcels of the Ayers Property**

3.13 In or around 2014, the District sold certain parcels of Ayers Property to Easterday Farms. The sale to Easterday Farms also included the sale of the Water Permit. The District received $7,377,000 from the sale to Easterday Farms, $1,377,000 of which was for the parcels and $6,000,000 of which was for the Water Permit.

3.14 In or around 2014, the District sold two other parcels of Ayers Property to Mark Bauder. The District received $34,500 from the sale of certain parcels to Mr. Bauder.

3.15 The District did not distribute the proceeds from the Easterday or Bauder sales to UPS and did not inform UPS that those sales had closed.

COMPLAINT - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

52876932.3

17-80042-FPC    Doc 1    Filed 11/03/17    Entered 11/03/17 16:56:09    Pg 5 of 15

### E. The 2016 Settlement Agreement

3.16 Upon information and belief, in or around 2015, UPS learned that the District had retained proceeds from the Easterday and Bauder sales that were due to UPS. When UPS learned that the District had retained such proceeds, UPS demanded that the District account for the retained proceeds and sought resolution consistent with the intent of the Ayers as expressed in the Wills.

3.17 Following mediation and subsequent negotiations, the District agreed to deliver UPS's proceeds from the Easterday and Bauder sales. A true and correct copy of the executed Settlement Agreement and Release between the District and UPS, executed in February 2016 (the "2016 Settlement Agreement").

3.18 The 2016 Settlement Agreement required the District to make an initial payment to UPS in the amount of approximately $1,000,000. The District made the initial payment to UPS.

3.19 The remaining amount due under the 2016 Settlement Agreement was memorialized in a promissory note for $2,200,000, payable over 30 months with 6.5% interest per annum (the "Promissory Note"). The Promissory Note was to be paid from the proceeds of the sale of the remaining Ayers Property.

3.20 The District last made a payment pursuant to the 2016 Settlement Agreement and the Promissory Note on or around April 27, 2017. The District has paid UPS approximately $1,645,682.95 pursuant to the 2016 Settlement Agreement and the Promissory Note.

COMPLAINT - 6

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52876932.3

17-80042-FPC    Doc 1    Filed 11/03/17    Entered 11/03/17 16:56:09    Pg 6 of 15

### F. The 2017 Amendment

3.21  On or around May 2, 2017, UPS sent the District a notice of default under the Promissory Note. In that notice of default, UPS claimed the District had breached the 2016 Settlement Agreement.

3.22  On or around May 11, 2017, UPS obtained a judgment against the District for the amount due under the Promissory Note (the "2017 Judgment").

3.23  Thereafter, the District and UPS agreed to amend the 2016 Settlement Agreement (the "2017 Amendment") to enable UPS to sell the remaining parcels of Ayers Property not already sold by the District or UPS (the "Remaining Ayers Property") and to distribute the proceeds so as to provide for UPS to receive its full one-half share of the trust proceeds.

3.24  The 2017 Amendment provided for the transfer of the Remaining Ayers Property to UPS, so UPS could prepare, market, and sell the Remaining Ayers Property.

3.25  The 2017 Amendment set forth an accounting process whereby upon transfer of the Remaining Ayers Property, the amounts due to UPS comprise the amounts due to it as a one-half beneficiary of the proceeds of the Remaining Ayers Property as well as reimbursement or credit for costs incurred or to be incurred in connection with the sale of the Remaining Ayers Property.

3.26  Under the terms of the 2017 Amendment, if half of the "Fair Value" of the Remaining Ayers Property exceeds the amounts due to UPS, such additional proceeds will be distributed to the District. If half of the "Fair Value" of the

COMPLAINT - 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52876932.3

17-80042-FPC    Doc 1    Filed 11/03/17    Entered 11/03/17 16:56:09    Pg 7 of 15

Remaining Ayers Property is less than the amounts due to UPS, UPS is to have a judgment against the District for the deficiency.

3.27 The 2017 Amendment provides that, upon written notice, the District will transfer to UPS legal title to the Remaining Ayers Property. The 2017 Amendment requires the District to convey legal title by statutory warranty deed within five business days of the date of notice or at such later date as UPS may choose. UPS gave such notice on or around June 28, 2017.

3.28 Following UPS's notice, the District carried out its obligations under the 2017 Amendment, including passing a resolution approving the 2017 Amendment and authorizing the transfer. The District and UPS executed a statutory warranty deed and other documents for the transfer (collectively, the "<u>Executed Transfer Documents</u>").

**G. The District's Bankruptcy And Postpetition Developments**

3.29 On June 30, 2017, (the "<u>Petition Date</u>"), the District filed a voluntary petition for relief under chapter 9 of the Bankruptcy Code.

3.30 The Executed Transfer Documents were delivered and deposited to escrow prior to the Petition Date. The transfer of the Remaining Ayers Property pursuant to the 2017 Amendment did not close prior to the Petition Date and has not subsequently closed either. The Executed Transfer Documents are still currently held in escrow.

COMPLAINT - 8

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

52876932.3

17-80042-FPC    Doc 1    Filed 11/03/17    Entered 11/03/17 16:56:09    Pg 8 of 15

3.31 UPS obtained valuations of the Remaining Ayers Property, as required by Washington state law. Based on those valuations, the "Fair Value" of the Remaining Ayers Property was $3,641,282 as of July 2017.

## IV. FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT

4.1 The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 3.31.

4.2 Pursuant to the terms of the Wills, 1971 Quit Claim Deed, and 1973 Quit Claim Deed, as acknowledged by the 2016 Settlement Agreement, the District holds legal title to the Remaining Ayers Property.

4.3 Because the transfer of the Remaining Ayers Property pursuant to the 2017 Amendment has not closed, legal title to the Remaining Ayers Property has not transferred to UPS.

4.4 Therefore, the District continues to hold legal title to the Remaining Ayers Property.

4.5 The District respectfully requests that in light of these allegations the Court enter Declaratory Judgment that the District owns the Remaining Ayers Property.

## V. SECOND CLAIM FOR RELIEF – QUIET TITLE

5.1 The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 4.5.

COMPLAINT - 9

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

52876932.3

17-80042-FPC    Doc 1    Filed 11/03/17    Entered 11/03/17 16:56:09    Pg 9 of 15

5.2 Pursuant to the terms of the Wills, 1971 Quit Claim Deed, and 1973 Quit Claim Deed, as acknowledged by the 2016 Settlement Agreement, the District holds legal title to the Remaining Ayers Property.

5.3 Because the transfer of the Remaining Ayers Property pursuant to the 2017 Amendment has not closed, legal title to the Remaining Ayers Property has not transferred to UPS.

5.4 Therefore, the District continues to hold legal title to the Remaining Ayers Property.

5.5 The District respectfully requests that in light of these allegations the Court enter judgment quieting title to the Remaining Ayers Property in the District.

## VI. THIRD CLAIM FOR RELIEF – AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFERS (11 U.S.C. § 548(A)(1)(B))

6.1 The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 5.5.

6.2 The 2016 Settlement Agreement was made within two years of the date of this Complaint.

6.3 The 2016 Settlement Agreement included amounts based in part on proceeds from the sale of the Water Permit.

6.4 Under Washington state law, the Water Permit was the personal property of the District and did not attach to the Ayers Property.

COMPLAINT - 10

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

52876932.3

17-80042-FPC    Doc 1    Filed 11/03/17    Entered 11/03/17 16:56:09    Pg 10 of 15

6.5     Because the Water Permit was the personal property of the District and was not attached to the Ayers Property, UPS has no right to or interest in the proceeds from the sale of the Water Permit.

6.6     To the extent the amounts transferred pursuant to the 2016 Settlement Agreement and the Promissory Note exceeded one-half of the net proceeds from sales of parcels of Ayers Property, the District received less than a reasonably equivalent value in exchange for such transfers made.

6.7     The District was insolvent at the time the 2016 Settlement Agreement and subsequent transfers to UPS were made.

6.8     Therefore, to the extent any amounts transferred by the District pursuant to the 2016 Settlement Agreement and the Promissory Note exceeded one-half of the net proceeds from sales of parcels of Ayers Property, such transfers can be avoided pursuant to 11 U.S.C. § 548(a)(1)(B).

## VII.   FOURTH CLAIM FOR RELIEF – AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFERS (11 U.S.C. § 544(B) AND RCW 19.40.051(1))

7.1     The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 6.8.

7.2     The 2016 Settlement Agreement was made within four years of the date of this Complaint.

7.3     The 2016 Settlement Agreement included amounts based in part on proceeds from the sale of the Water Permit.

COMPLAINT - 11

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52876932.3

17-80042-FPC    Doc 1    Filed 11/03/17    Entered 11/03/17 16:56:09    Pg 11 of 15

7.4     Under Washington state law, the Water Permit was the personal property of the District and did not attach to the Ayers Property.

7.5     Because the Water Permit was the personal property of the District and was not attached to the Ayers Property, UPS has no right to or interest in the proceeds from the sale of the Water Permit.

7.6     To the extent the amounts transferred pursuant to the 2016 Settlement Agreement and the Promissory Note exceeded one-half of the net proceeds from sales of parcels of Ayers Property, the District made such transfers without receiving a reasonably equivalent value in exchange.

7.7     The District was insolvent at the time the 2016 Settlement Agreement and subsequent transfers to UPS were made.

7.8     Therefore, to the extent any amounts transferred by the District pursuant to the 2016 Settlement Agreement and the Promissory Note exceeded one-half of the net proceeds from sales of parcels of Ayers Property, such transfers can be avoided pursuant to 11 U.S.C. § 544(b) and RCW 19.40.051(1).

## VIII.  FIFTH CLAIM FOR RELIEF - AVOIDANCE AS A LIEN CREDITOR (11 U.S.C. § 544(A))

8.1     The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 7.8.

8.2     On or around May 11, 2017, UPS obtained the 2017 Judgment.

COMPLAINT - 12

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52876932.3

17-80042-FPC   Doc 1   Filed 11/03/17   Entered 11/03/17 16:56:09   Pg 12 of 15

8.3  Upon information and belief, UPS did not take the requisite actions to perfect a judicial lien in any of the District's property for the 2017 Judgment prior to the Petition Date.

8.4  Therefore, any judicial liens asserted against any of the District's property arising from or predicated on entry of the 2017 Judgment can be avoided pursuant to 11 U.S.C. § 544(a)(1).

### IX.  SIXTH CLAIM FOR RELIEF – RECOVERY OF AVOIDED TRANSFERS (11 U.S.C. § 550(A))

9.1  The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 8.4.

9.2  UPS was the initial transferee of the transfers made pursuant to the 2016 Settlement Agreement, the Promissory Note, and the 2017 Judgment or was the entity for whose benefit such transfers were made.

9.3  Pursuant to 11 U.S.C. § 550(a), the District is entitled to recovery the property transferred or, if the Court so orders, its value with interest thereon from the dates such transfers were made until the judgment is entered.

### X.  PRAYER FOR RELIEF

WHEREFORE, the District respectfully prays that:

1. Declaratory Judgment be entered declaring that the District owns the Remaining Ayers Property;

2. Judgment be entered quieting title in the Remaining Ayers Property in the District;

COMPLAINT - 13

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52876932.3

17-80042-FPC   Doc 1   Filed 11/03/17   Entered 11/03/17 16:56:09   Pg 13 of 15

3. Judgment be entered avoiding those transfers made pursuant to the 2016 Settlement Agreement and the Promissory Note to the extent the amounts transferred exceeded one-half of the net proceeds from sales of parcels of Ayers Property pursuant to 11 U.S.C. § 548(a)(1)(B);

4. Judgment be entered avoiding those transfers made pursuant to the 2016 Settlement Agreement and the Promissory Note to the extent the amounts transferred exceeded one-half of the net proceeds from sales of parcels of Ayers Property pursuant to 11 U.S.C. § 544(b) and RCW 19.40.051(1);

5. Judgment be entered avoiding any judicial liens asserted against any of the District's property arising from or predicated on entry of the 2017 Judgment pursuant to 11 U.S.C. § 544(a)(1);

6. Judgment be entered in a sum to be determined, plus interest at the legal rate from the dates such transfers were made until judgment is entered, pursuant to 11 U.S.C. § 550(a);

7. Judgment be entered awarding the District reasonable costs and attorney fees pursuant to the terms of the 2016 Settlement Agreement;

8. The Court allow the District to freely amend its pleadings, including this Complaint; and

9. The Court award all such other relief the Court may deem just, proper, and equitable.

COMPLAINT - 14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52876932.3

17-80042-FPC    Doc 1    Filed 11/03/17    Entered 11/03/17 16:56:09    Pg 14 of 15

DATED this 3rd day of November, 2017.

                                      FOSTER PEPPER PLLC

By: */s/ Jack Cullen*
    Jack Cullen, WSBA #7330
    Bryan Glover, WSBA #51045
    Andy Morton, WSBA #49467
    Ella Vincent, WSBA #51351
    *Attorneys for Plaintiff Kennewick Public Hospital District*

COMPLAINT - 15

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52876932.3

17-80042-FPC    Doc 1    Filed 11/03/17    Entered 11/03/17 16:56:09    Pg 15 of 15