Jack Cullen, WSBA #7330
Andy Morton, WSBA #49467
Ella Vincent, WSBA #51351
Adrienne McKelvey, WSBA #50990
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101
Telephone:    (206) 447-4689
Facsimile:    (206) 749-2001
Email:    jc@foster.com
            andrew.morton@foster.com
            ella.vincent@foster.com
            adrienne.mckelvey@foster.com
*Attorneys for Plaintiff Kennewick
Public Hospital District*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>KENNEWICK PUBLIC HOSPITAL DISTRICT,<br><br>Debtor. | Case No. 17-02025-9 |
| KENNEWICK PUBLIC HOSPITAL DISTRICT, a Washington public hospital district,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF PUGET SOUND, a Washington nonprofit corporation,<br><br>Defendant. | Adv. Proc. No. 17-80042<br><br>AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, QUIET TITLE, AVOIDANCE OF TRANSFERS, RECOVERY OF AVOIDED TRANSFERS, AND AVOIDANCE OF JUDGMENT |

AMENDED COMPLAINT - 1

**FOSTER PEPPER PLLC**
**1111 THIRD AVENUE, SUITE 3000**
**SEATTLE, WASHINGTON 98101**
**PHONE (206) 447-4400  FAX (206) 447-9700**

52941862.3

COMES NOW Kennewick Public Hospital District, by and through its attorneys Foster Pepper PLLC and Jack Cullen, and for its causes of action, states and alleges as follows:

## I. PARTIES

1.1. **Plaintiff.** Kennewick Public Hospital District (d/b/a Trios Health) is a Washington municipal corporation situated in Benton County, Washington and the debtor in the above-captioned case (the "District" or the "Debtor").

1.2. **Defendant.** The University of the Puget Sound is a Washington nonprofit corporation with its principal place of business in Pierce County, Washington ("UPS").

## II. JURISDICTION AND VENUE

2.1. The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 1.2.

2.2. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is related to *In re Kennewick Public Hospital District*, Case No. 17-02025-FPC9, a case under chapter 9 of the Bankruptcy Code, which is pending in the United States Bankruptcy Court for the Eastern District of Washington. This adversary proceeding is a core proceeding.

2.3. Venue is proper for this adversary proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

AMENDED COMPLAINT - 2

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

17-80042-FPC    Doc 56    Filed 02/27/18    Entered 02/27/18 16:46:33    Pg 2 of 28

# III. FACTUAL BACKGROUND

3.1.    The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 2.3.

## The Ayers Property and Wills

3.2.    J. R. and Alice Ayers owned approximately 9,000 acres of property in Benton County, Washington (the "Ayers Property"). Their reciprocal Wills (defined below) included UPS and the District as beneficiaries of certain rights and interests relating to or arising from the Ayers Property. J.R. Ayers died in 1970, and Alice Ayers died in 1973.

3.3.    The Last Will and Testament of J.R. Ayers dated June 20, 1969 ("J.R.'s Will") was filed with the Benton County recorder's office on April 22, 1970. The Last Will and Testament of Alice H. Ayers and the First Codicil, respectively dated June 20, 1969 and February 7, 1972 (collectively, "Alice's Will", and together with J.R.'s Will, the "Wills") were filed with the Benton County recorder's office on March 1, 1973.

3.4.    The Wills devised the legal title and equitable interest in the Ayers Property to the District. The Wills required that (1) the District manage and supervise the Ayers Property without charge, including the preparation of annual accountings of all receipts and disbursements relating to it, and (2) the District turn over to UPS one-half of certain net proceeds from the Ayers Property, together with the annual accounting of receipts and disbursements.

AMENDED COMPLAINT - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

3.5.    The Wills did not use the words "trust" or "trustee" to describe UPS's and the District's respective rights to the Ayers Property or its proceeds. The Wills did not create a trust for the benefit of UPS, place the Ayers Property in trust for the benefit of UPS, or otherwise grant UPS any property rights or equitable interest in the Ayers Property or its proceeds.

3.6.    A quit claim deed was executed in 1971 (the "<u>1971 Quit Claim Deed</u>"). The 1971 Quit Claim Deed transferred J.R. Ayers' undivided one-half interest in the Ayers Property to the District. The 1971 Quit Claim Deed states that it incorporates "all provisions of [J.R.'s] Will including the trust provisions in favor of the University of Puget Sound."

3.7.    Another quit claim deed was executed in 1973 (the "<u>1973 Quit Claim Deed</u>"). The 1973 Quit Claim Deed transferred Alice Ayers' undivided one-half interest in the Ayers Property to the District. The 1973 Quit Claim Deed states that it incorporates "the trust provisions in favor of University of Puget Sound" in Alice's Will.

3.8.    Neither the 1971 Quit Claim Deed nor the 1973 Quit Claim Deed granted UPS any rights or interests with respect to the Ayers Property or its proceeds beyond what was provided for under the Wills.

**<u>The 2006 Action</u>**

3.9.    As part of the plan to develop and sell the Ayers Property, the District needed to address restrictions in the Wills prohibiting the sale of Ayers Property. In

AMENDED COMPLAINT - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

2006, the District filed an action for declaratory relief that the provisions in the Wills prohibiting the sale of the Ayers Property were void (the "2006 Action").

3.10.  Before and after the 2006 Action, the District held the legal title and equitable interest in the Ayers Property.

3.11.  The 2006 Action removed certain restraints on use and alienation contained in the Wills, including the prohibition against selling the Ayers Property.

3.12.  The 2006 Action concluded with a stipulation (the "Stipulation") between the District and UPS clarifying that the District's title was not encumbered by the restraints on alienation in the Wills. The Stipulation preserved the rights of UPS set forth in the Wills.

3.13.  The terms of the Stipulation were incorporated into a judgment entered by Benton County Superior Court on May 22, 2009 (the "2009 Judgment"), which was subsequently recorded. The 2009 Judgment incorporated the same preservation of rights.

3.14.  The 2009 Judgment did not include any provisions that created a trust for the benefit of UPS.

3.15.  The 2009 Judgment did not state that the District held title to the Ayers Property subject to any equitable interest or property rights of UPS.

**The District's Water Rights**

3.16.  Upon information and belief, in or around 1991, the District initiated proceedings to acquire water rights to irrigate certain parcels of Ayers Property

AMENDED COMPLAINT - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

with water from the Columbia River. Upon information and belief, those water rights enhanced the value of the Ayers Property.

3.17.  The District obtained a water permit, Water Permit No. G4-30584P, from the State of Washington Department of Ecology (the "Water Permit").

**Sales of Parcels of the Ayers Property**

3.18.  In or around 2014, the District sold certain parcels of Ayers Property.

3.19.  On January 29, 2014, the District entered into a Restated Purchase-Sale Earnest Money Agreement (the "Purchase Agreement") with Easterday Farms. The Purchase Agreement provided for a sale of two separate assets to Easterday Farms. First, the District sold a portion of the Ayers Property for $1,377,000.00. Second, the District sold the Water Permit for $6,000,000.00.

3.20.  At all relevant times, the Water Permit was personal property of the District.

3.21.  UPS was not entitled to any proceeds from the sale of the Water Permit.

3.22.  The District also sold a portion of the Ayers Property to Mark Bauder. The purchase price for this parcel was $34,500.00. Collectively, the sales to Easterday Farms and Mr. Bauder are referred to as the "2014 Sales."

3.23.  The gross proceeds from the 2014 Sales of parcels of Ayers Property (i.e., excluding the proceeds related to the Water Permit) were approximately $1,411,500.00 (the "Gross Proceeds").

AMENDED COMPLAINT - 6

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

3.24. Initially, the District did not distribute any proceeds from the 2014 Sales to UPS and did not inform UPS that the 2014 Sales had closed.

**The 2016 Settlement Agreement**

3.25. Upon information and belief, in or around 2015, UPS learned that the District had retained all proceeds from the 2014 Sales, including some proceeds due to UPS. When UPS learned that the District had retained all proceeds, UPS demanded that the District account for the retained proceeds and sought resolution consistent with the intent of the Ayers as expressed in the Wills.

3.26. Following mediation and subsequent negotiations, the District agreed to deliver certain proceeds from the 2014 Sales to UPS. In February 2016, the District and UPS executed a Settlement Agreement and Release, effective as of January 29, 2016 (the "2016 Settlement Agreement"), which addressed UPS's alleged entitlement to the 2014 Sales proceeds.

3.27. The 2016 Settlement Agreement required the District to make an initial payment to UPS in the amount of approximately $1,000,000.00. The District made the initial payment to UPS (this payment, together with all other payments made by the District pursuant to the 2016 Settlement Agreement, the "Settlement Payments").

3.28. The remaining amount due under the 2016 Settlement Agreement was memorialized in a promissory note for $2,200,000.00, payable over 30 months with 6.5% interest per annum (the "Promissory Note"). The Promissory Note was to be paid from the proceeds of the sale of the remaining Ayers Property.

AMENDED COMPLAINT - 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

52941862.3

17-80042-FPC    Doc 56    Filed 02/27/18    Entered 02/27/18 16:46:33    Pg 7 of 28

3.29. The District's payment obligations under the 2016 Settlement Agreement exceeded one of half of the net proceeds of the 2014 Sales of parcels of Ayers Property (i.e., excluding the proceeds related to the Water Permit) (the "2014 Net Proceeds"), the value of UPS's alleged entitlement to 2014 Net Proceeds.

3.30. The District last made a payment pursuant to the 2016 Settlement Agreement and the Promissory Note on or around April 27, 2017. The District has paid UPS approximately $1,662,315.43 in Settlement Payments pursuant to the 2016 Settlement Agreement and the Promissory Note.

3.31. The Settlement Payments exceeded one half of the 2014 Net Proceeds, the value of UPS's alleged entitlement to 2014 Net Proceeds.

**The 2017 Amendment**

3.32. On or around May 2, 2017, UPS sent the District a notice of default under the Promissory Note. In that notice of default, UPS claimed the District had breached the 2016 Settlement Agreement.

3.33. On or around May 11, 2017, UPS obtained a judgment against the District for the amount due under the Promissory Note (the "2017 Judgment").

3.34. Thereafter, the District and UPS agreed to amend the 2016 Settlement Agreement (the "2017 Amendment") to enable UPS to sell the remaining parcels of Ayers Property not already sold by the District or UPS (the "Remaining Ayers Property") and to distribute the proceeds so as to provide for UPS to receive a one-half share of the net proceeds.

AMENDED COMPLAINT - 8

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400 FAX (206) 447-9700

52941862.3

1    3.35. The 2017 Amendment provided for the transfer of the Remaining
2    Ayers Property to UPS, so UPS could prepare, market, and sell the Remaining
3    Ayers Property.

4    3.36. The 2017 Amendment set forth an accounting process whereby upon
5    transfer of the Remaining Ayers Property, the amounts due to UPS comprise the
6    amounts allegedly due to it as a one-half beneficiary of the proceeds of the
7    Remaining Ayers Property as well as reimbursement or credit for costs incurred or
8    to be incurred in connection with the sale of the Remaining Ayers Property.

9    3.37. Under the terms of the 2017 Amendment, if half of the "Fair Value" of
10   the Remaining Ayers Property exceeds the amounts due to UPS, such additional
11   proceeds will be distributed to the District. If half of the "Fair Value" of the
12   Remaining Ayers Property is less than the amounts due to UPS, UPS is to have a
13   judgment against the District for the deficiency.

14   3.38. On information and belief, the transfer of the Remaining Ayers
15   Property on account of the District's obligations arising from the 2014 Sales, as
16   contemplated under the 2017 Amendment, does not provide the District with
17   reasonably equivalent value in exchange for the transfer.

18   3.39. The value of the Remaining Ayers Property exceeds the value of
19   UPS's alleged entitlement to the 2014 Net Proceeds and, therefore, the sale of the
20   Remaining Ayers Property would generate proceeds that exceed the amount of
21   UPS's claim against the District.

22

AMENDED COMPLAINT - 9

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

**The Escrow Transaction**

3.40.  The 2017 Amendment provides that, upon written notice, the District will transfer to UPS legal title to the Remaining Ayers Property. The 2017 Amendment requires the District to convey legal title by statutory warranty deed within five business days of the date of notice or at such later date as UPS may choose. UPS gave such notice on or around June 28, 2017.

3.41.  Following UPS's notice, the District carried out its obligations under the 2017 Amendment, including passing a resolution approving the 2017 Amendment and authorizing the transfer.

3.42.  The District and UPS executed a statutory warranty deed (the "Deed") to the Remaining Ayers Property, as well as certain other documents for the transfer of the Remaining Ayers Property to UPS (collectively, the "Executed Transfer Documents") in accordance with the terms of the 2017 Amendment.

3.43.  The Executed Transfer Documents were deposited in escrow. The Deed was not recorded in the office of the recording officer of Benton County, where the Remaining Ayers Property is situated, in accordance with Washington state law.

**The District's Bankruptcy And Postpetition Developments**

3.44.  On June 30, 2017, (the "Petition Date"), the District filed a voluntary petition for relief under chapter 9 of the Bankruptcy Code.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

3.45.   The transfer of the Remaining Ayers Property pursuant to the 2017 Amendment did not close prior to the Petition Date and has not subsequently closed either. The Executed Transfer Documents are still currently held in escrow.

3.46.   UPS obtained valuations of the Remaining Ayers Property, as required by Washington state law. Based on those valuations, the "Fair Value" of the Remaining Ayers Property was $3,641,282.00 as of July 2017.

## IV. FIRST CLAIM FOR RELIEF

### DECLARATORY JUDGMENT

4.1.   The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 3.46.

4.2.   Pursuant to the terms of the Wills, 1971 Quit Claim Deed, and 1973 Quit Claim Deed, as acknowledged by the 2016 Settlement Agreement, the District holds the legal title and equitable interest in the Remaining Ayers Property.

4.3.   Neither the Wills nor any other document created a trust for the benefit of UPS.

4.4.   Neither the Wills nor any other documents placed the Ayers Property in trust for the benefit of UPS.

4.5.   UPS does not hold and has never held any property rights or equitable interest in the Ayers Property or its proceeds.

4.6.   Because the transfer of the Remaining Ayers Property pursuant to the 2017 Amendment has not closed, the District's legal title and equitable interest in the Remaining Ayers Property has not transferred to UPS.

AMENDED COMPLAINT - 11

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

1    4.7.   Therefore, the District continues to be the sole holder of the legal title
2    and equitable interest in the Remaining Ayers Property.

3    4.8.   The District respectfully requests that in light of these allegations the
4    Court enter a declaratory judgment that (a) the Remaining Ayers Property is the
5    property of the District, and (b) UPS does not hold any equitable interest,
6    beneficial interest, or any property rights in the Remaining Ayers Property or its
7    proceeds.

8                              **V.  SECOND CLAIM FOR RELIEF**

9                                     **QUIET TITLE**

10   5.1.   The District realleges and incorporates by this reference the
11   allegations set forth in paragraphs 1.1 through 4.8.

12   5.2.   Pursuant to the terms of the Wills, 1971 Quit Claim Deed, and 1973
13   Quit Claim Deed, as acknowledged by the 2016 Settlement Agreement, the District
14   holds the legal title and equitable interest in the Remaining Ayers Property.

15   5.3.   Neither the Wills nor any other document created a trust for the
16   benefit of UPS.

17   5.4.   Neither the Wills nor any other documents placed the Ayers Property
18   in trust for the benefit of UPS.

19   5.5.   UPS does not hold and has never held any property rights or equitable
20   interest in the Ayers Property or its proceeds.

21

22

AMENDED COMPLAINT - 12

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

5.6. Because the transfer of the Remaining Ayers Property pursuant to the 2017 Amendment has not closed, the District's legal title and equitable interest in the Remaining Ayers Property has not transferred to UPS.

5.7. Therefore, the District continues to be the sole holder of the legal title and equitable interest in the Remaining Ayers Property.

5.8. The District respectfully requests that in light of these allegations the Court enter a judgment quieting title to the Remaining Ayers Property in the District.

## VI. THIRD CLAIM FOR RELIEF

### AVOIDANCE AND RECOVERY OF ALLEGED UPS INTEREST IN REMAINING AYERS PROPERTY PURSUANT TO 11 U.S.C. §§ 544(A)(3), 550, AND 551 (IN THE ALTERNATIVE TO COUNTS I AND II)

6.1. The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 5.8.

6.2. Even if a trust in favor of UPS was created or UPS was otherwise vested with equitable interest, beneficial interest, or property rights in the Ayers Property (the "Alleged UPS Interest"), the Alleged UPS Interest is avoidable, recoverable, and preservable under 11 U.S.C. §§ 544(a)(3), 550, and 551.

6.3. The purported grant of the Alleged UPS Interest to UPS constitutes a transfer of the District's property and/or interest in property, as the term "transfer" is defined in 11 U.S.C. § 101(54).

6.4. The Alleged UPS Interest was not properly recorded in accordance with Washington state law.

AMENDED COMPLAINT - 13

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400   FAX (206) 447-9700

52941862.3

6.5.    A hypothetical bona fide purchaser of the Remaining Ayers Property who had recorded its interest in that property at the commencement of the District's bankruptcy would have a superior interest to that of UPS in the Remaining Ayers Property.

6.6.    Accordingly, the Alleged UPS Interest should be avoided and recovered pursuant to 11 U.S.C. §§ 544(a)(3) and 550, and should be preserved for the benefit of the District pursuant to 11 U.S.C. § 551.

## VII. FOURTH CLAIM FOR RELIEF

### AVOIDANCE AND RECOVERY OF ESCROW TRANSACTION PURSUANT TO 11 U.S.C. §§ 544(A)(3), 550, AND 551

7.1.    The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 6.6.

7.2.    The execution and the placement into escrow of the Deed and the remaining Executed Transfer Documents, as well as all the transfers contemplated under the Deed and the remaining Executed Transfer Documents (collectively, the "Escrow Transaction") constitute a transfer of the District's property and/or interest in property, as the term "transfer" is defined in 11 U.S.C. § 101(54).

7.3.    The Deed and the remaining Executed Transfer Documents were not recorded in accordance with Washington state law.

7.4.    A hypothetical bona fide purchaser of the Remaining Ayers Property who had recorded its interest in that property at the commencement of the

AMENDED COMPLAINT - 14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

District's bankruptcy would have a superior interest to that of UPS in the Remaining Ayers Property.

7.5.    Accordingly, the Escrow Transaction should be avoided and recovered pursuant to 11 U.S.C. §§ 544(a)(3) and 550, and should be preserved for the benefit of the District pursuant to 11 U.S.C. § 551.

## VIII.    FIFTH CLAIM FOR RELIEF

### AVOIDANCE AND RECOVERY OF SETTLEMENT PAYMENTS AS CONSTRUCTIVELY FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(A)(1)(B), 550, AND 551

8.1.    The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 7.5.

8.2.    The 2016 Settlement Agreement was entered into and the Settlement Payments were made within two years of the date of this Complaint.

8.3.    The 2016 Settlement Agreement incorrectly included amounts based in part on proceeds from the sale of the Water Permit.

8.4.    Under Washington state law, the Water Permit was the personal property of the District and did not attach to the Ayers Property.

8.5.    Because the Water Permit was the personal property of the District and was not attached to the Ayers Property, UPS has no right to or interest in the proceeds from the sale of the Water Permit.

8.6.    The Gross Proceeds from the 2014 Sales of parcels of Ayers Property were approximately $1,411,500.00. One half of those Gross Proceeds is approximately $705,750.00.

AMENDED COMPLAINT - 15

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

8.7.   The District made Settlement Payments to UPS in the total amount of approximately $1,662,315.43, which is $956,565.43 more than one half of the Gross Proceeds from the 2014 Sales of parcels of Ayers Property.

8.8.   The 2016 Settlement Agreement and Settlement Payments constitute transfers of the District's property and/or interest in property, as the term "transfer" is defined in 11 U.S.C. § 101(54).

8.9.   To the extent the Settlement Payments made pursuant to the 2016 Settlement Agreement and the Promissory Note exceeded one-half of the 2014 Net Proceeds, the District received less than a reasonably equivalent value in exchange for such transfers made.

8.10.  The District was insolvent when it entered into the 2016 Settlement Agreement and made the Settlement Payments to UPS.

8.11.  The Settlement Payments left the District with unreasonably small capital and remaining assets with which to operate.

8.12.  Therefore, to the extent the Settlement Payments the District made to UPS pursuant to the 2016 Settlement Agreement and the Promissory Note exceed one-half of the 2014 Net Proceeds, the Settlement Payments should be avoided and recovered pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550, and should be preserved for the benefit of the District pursuant to 11 U.S.C. § 551.

[*Remainder of page intentionally left blank.*]

AMENDED COMPLAINT - 16

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

# IX. SIXTH CLAIM FOR RELIEF

**AVOIDANCE AND RECOVERY OF ESCROW TRANSACTION AS CONSTRUCTIVELY FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548(A)(1)(B), 550, AND 551**

9.1.    The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 8.12.

9.2.    The Escrow Transaction occurred within two years of the Petition Date.

9.3.    The Escrow Transaction constitutes a transfer of the District's property and/or interest in property, as the term "transfer" is defined in 11 U.S.C. § 101(54).

9.4.    The District was insolvent when the Escrow Transaction occurred.

9.5.    The District did not receive reasonably equivalent value in exchange for the Escrow Transaction.

9.6.    The Escrow Transaction left the District with unreasonably small capital and remaining assets with which to operate.

9.7.    Accordingly, the Escrow Transaction should be avoided and recovered pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550, and should be preserved for the benefit of the District pursuant to 11 U.S.C. § 551.

*[Remainder of page intentionally left blank.]*

AMENDED COMPLAINT - 17

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

# X.  SEVENTH CLAIM FOR RELIEF

### AVOIDANCE AND RECOVERY OF SETTLEMENT PAYMENTS AS CONSTRUCTIVELY FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(B), 550, AND 551, AND RCW 19.40.041(1)(B) AND 19.40.051(1)

10.1.  The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 9.7.

10.2.  The 2016 Settlement Agreement was entered into and the Settlement Payments were made within two years of the date of this Complaint.

10.3.  The 2016 Settlement Agreement incorrectly included amounts based in part on proceeds from the sale of the Water Permit.

10.4.  Under Washington state law, the Water Permit was the personal property of the District and did not attach to the Ayers Property.

10.5.  Because the Water Permit was the personal property of the District and was not attached to the Ayers Property, UPS has no right to or interest in the proceeds from the sale of the Water Permit.

10.6.  The Gross Proceeds from the 2014 Sales of parcels of Ayers Property were approximately $1,411,500.00. One half of those Gross Proceeds is approximately $705,750.00.

10.7.  The District made Settlement Payments to UPS in the total amount of approximately $1,662,315.43, which is $956,565.43 more than one half of the Gross Proceeds from the 2014 Sales of parcels of Ayers Property.

AMENDED COMPLAINT - 18

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

1    10.8.  The 2016 Settlement Agreement and Settlement Payments constitute

2    transfers of the District's property and/or interest in property, as the term "transfer"

3    is defined in 11 U.S.C. § 101(54).

4    10.9.  To the extent the Settlement Payments made pursuant to the 2016

5    Settlement Agreement and the Promissory Note exceeded one-half of the 2014 Net

6    Proceeds, the District received less than a reasonably equivalent value in exchange

7    for such transfers made.

8    10.10. The District was insolvent when it entered into the 2016 Settlement

9    Agreement and made the Settlement Payments to UPS.

10    10.11. The Settlement Payments left the District with unreasonably small

11    capital and remaining assets with which to operate.

12    10.12. Therefore, to the extent the Settlement Payments the District made to

13    UPS pursuant to the 2016 Settlement Agreement and the Promissory Note exceed

14    one-half of the 2014 Net Proceeds, the Settlement Payments should be avoided and

15    recovered pursuant to 11 U.S.C. §§ 544(b) and 550, and should be preserved for

16    the benefit of the District pursuant to 11 U.S.C. § 551, because the transfer is

17    avoidable under applicable law, including but not limited to the Washington

18    Uniform Voidable Transactions Act, RCW 19.40.041(1)(b) and 19.40.051(1).

19                    [*Remainder of page intentionally left blank.*]

20

21

22

AMENDED COMPLAINT - 19

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

# XI.  EIGHTH CLAIM FOR RELIEF

### AVOIDANCE AND RECOVERY OF ESCROW TRANSACTION AS CONSTRUCTIVELY FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544(B), 550, AND 551, AND RCW 19.40.041(1)(B) AND 19.40.051(1)

11.1.  The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 10.12.

11.2.  The Escrow Transaction occurred within two years of the Petition Date.

11.3.  The Escrow Transaction constitutes a transfer of the District's property and/or interest in property, as the term "transfer" is defined in 11 U.S.C. § 101(54).

11.4.  The District was insolvent when the Escrow Transaction occurred.

11.5.  The District did not receive reasonably equivalent value in exchange for the Escrow Transaction.

11.6.  The Escrow Transaction left the District with unreasonably small capital and remaining assets with which to operate.

11.7.  Accordingly, the Escrow Transaction should be avoided and recovered pursuant to 11 U.S.C. §§ 544(b) and 550, and should be preserved for the benefit of the District pursuant to 11 U.S.C. § 551, because the transfer is avoidable under applicable law, including but not limited to the Washington Uniform Voidable Transactions Act, RCW 19.40.041(1)(b) and 19.40.051(1).

[*Remainder of page intentionally left blank.*]

AMENDED COMPLAINT - 20

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

# XII. NINTH CLAIM FOR RELIEF

## AVOIDANCE AND RECOVERY OF CERTAIN SETTLEMENT PAYMENTS AS PREFERENCES PURSUANT TO 11 U.S.C. §§ 547, 550, AND 551

12.1. The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 11.7.

12.2. The Settlement Payments were made while the District was insolvent.

12.3. At least one of the Settlement Payment was made to UPS within ninety (90) days of the Petition Date.

12.4. The Settlement Payments constitute transfers of the District's property and/or interest in property, as the term "transfer" is defined in 11 U.S.C. § 101(54).

12.5. The Settlement Payments were made for the benefit of UPS, which was an unsecured creditor of the District at the time of the Settlement Payments.

12.6. The Settlement Payments were made in satisfaction of an antecedent debt owed by the District to UPS pursuant to the 2016 Settlement Agreement.

12.7. The Settlement Payments were not made in the ordinary course of business.

12.8. The Settlement Payments were not intended and were not in fact contemporaneous exchanges for new value given to UPS by the District.

12.9. The Settlement Payments made within ninety (90) days of the Petition Date resulted in UPS receiving more than it would receive as a creditor if this case were a case under chapter 7 of the Bankruptcy Code had the transaction(s) not occurred.

AMENDED COMPLAINT - 21

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

1   12.10. Accordingly, all Settlement Payments made within ninety (90) days of

2   the Petition Date should be avoided and recovered pursuant to 11 U.S.C. §§ 547

3   and 550, and should be preserved for the benefit of the District pursuant to 11

4   U.S.C. §551.

## XIII.   TENTH CLAIM FOR RELIEF

### AVOIDANCE AND RECOVERY OF ESCROW TRANSACTION AS PREFERENCE PURSUANT TO 11 U.S.C. §§ 547, 550, AND 551

13.1.   The District realleges and incorporates by this reference the allegations set forth in paragraphs 1.1 through 12.10.

13.2.   The Escrow Transaction occurred while the District was insolvent.

13.3.   The Escrow Transaction occurred within ninety (90) days of the Petition Date.

13.4.   The Escrow Transaction constitutes a transfer of the District's property and/or interest in property, as the term "transfer" is defined in 11 U.S.C. § 101(54).

13.5.   The Escrow Transaction was made for the benefit of UPS, which was an unsecured creditor of the District at the time of that transaction.

13.6.   The District engaged in and effected the Escrow Transaction in an attempt to satisfy an antecedent debt owed by the District to UPS pursuant to the 2016 Settlement Agreement.

13.7.   The Escrow Transaction was not made in the ordinary course of business.

AMENDED COMPLAINT - 22

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400   FAX (206) 447-9700

52941862.3

1      13.8.  The Escrow Transaction was not intended and was not in fact a

2  contemporaneous exchange for new value given to UPS by the District.

3      13.9.  The Escrow Transaction, if completed, would result in UPS receiving

4  more than it would receive as a creditor if this case were a case under chapter 7 of

5  the Bankruptcy Code had that transaction not occurred.

6      13.10. Accordingly, the Escrow Transaction should be avoided and recovered

7  pursuant to 11 U.S.C. §§ 547 and 550, and should be preserved for the benefit of

8  the District pursuant to 11 U.S.C. § 551.

9                    **XIV.    ELEVENTH CLAIM FOR RELIEF**

10  **AVOIDANCE OF JUDICIAL LIENS PURSUANT TO 11 U.S.C. § 544(A)(1)**

11      14.1.  The District realleges and incorporates by this reference the

12  allegations set forth in paragraphs 1.1 through 13.10.

13      14.2.  On or around May 11, 2017, UPS obtained the 2017 Judgment.

14      14.3.  Upon information and belief, UPS did not take the requisite actions to

15  perfect a judicial lien in any of the District's property for the 2017 Judgment prior

16  to the Petition Date.

17      14.4.  Accordingly, all judicial liens asserted against any of the District's

18  property arising from or predicated on entry of the 2017 Judgment should be

19  avoided pursuant to 11 U.S.C. § 544(a)(1).

20                    [*Remainder of page intentionally left blank.*]

21

22

AMENDED COMPLAINT - 23

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

# XV. PRAYER FOR RELIEF

WHEREFORE, the District respectfully prays that:

1.    Declaratory judgment be entered declaring that (a) the Remaining Ayers Property is the property of the District, and (b) UPS does not hold any equitable interest, beneficial interest, or any property rights in the Remaining Ayers Property or its proceeds;

2.    Judgment be entered quieting title in the Remaining Ayers Property in the District;

3.    Judgment be entered avoiding and recovering the Alleged UPS Interest pursuant to 11 U.S.C. §§ 544(a)(3) and 550, and preserving it for the benefit of the District pursuant to 11 U.S.C. § 551, to the extent the Court finds UPS holds any equitable interest, beneficial interest, or any property rights in the Remaining Ayers Property;

4.    Judgment be entered avoiding and recovering the Escrow Transaction pursuant to 11 U.S.C. §§ 544(a)(3) and 550, and preserving it for the benefit of the District pursuant to 11 U.S.C. § 551;

5.    Judgment be entered avoiding and recovering the Settlement Payments, to the extent such Settlement Payments exceed one-half of the 2014 Net Proceeds, as constructively fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550, and preserving them for the benefit of the District pursuant to 11 U.S.C. § 551;

AMENDED COMPLAINT - 24

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

1        6.    Judgment be entered avoiding and recovering the Escrow Transaction

2 as a constructively fraudulent transfer pursuant to 11 U.S.C. §§ 548(a)(1)(B) and

3 550, and preserving it for the benefit of the District pursuant to 11 U.S.C. § 551;

4        7.    Judgment be entered avoiding and recovering the Settlement

5 Payments, to the extent such Settlement Payments exceed one-half of the 2014 Net

6 Proceeds, as constructively fraudulent transfers pursuant to 11 U.S.C. §§ 544(b)

7 and 550, and preserving them for the benefit of the District pursuant to 11 U.S.C.

8 § 551, because the transfers are avoidable under applicable law, including but not

9 limited to the Washington Uniform Voidable Transactions Act, RCW

10 19.40.041(1)(b) and 19.40.051(1);

11       8.    Judgment be entered avoiding and recovering the Escrow Transaction

12 as a constructively fraudulent transfer pursuant to 11 U.S.C. §§ 544(b) and 550,

13 and preserving it for the benefit of the District pursuant to 11 U.S.C. §551, because

14 the transfer is avoidable under applicable law, including but not limited to the

15 Washington Uniform Voidable Transactions Act, RCW 19.40.041(1)(b) and

16 19.40.051(1);

17       9.    Judgment be entered avoiding and recovering all Settlement Payments

18 made to UPS within ninety (90) days of the Petition Date pursuant to 11 U.S.C.

19 §§ 547 and 550 of the Bankruptcy Code, and preserving them for the benefit of the

20 District pursuant to 11 U.S.C. § 551;

21

22

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

10.     Judgment be entered avoiding and recovering the Escrow Transaction pursuant to 11 U.S.C. §§ 547 and 550, and preserving it for the benefit of the District pursuant to 11 U.S.C. § 551;

11.     Judgment be entered avoiding all judicial liens asserted against any of the District's property arising from or predicated on entry of the 2017 Judgment pursuant to 11 U.S.C. § 544(a)(1);

12.     Judgment be entered awarding pre-judgment interest to the District at the maximum legal rate running from the date of each of the Settlement Payments to the date of the judgment herein;

13.     Judgment be entered awarding post-judgment interest to the District at the maximum legal rate running from the date of judgment herein to the date such judgment is satisfied in full, plus costs;

14.     Judgment be entered awarding the District reasonable costs and attorney fees pursuant to the terms of the 2016 Settlement Agreement;

15.     The Court allow the District to freely amend its pleadings, including this Complaint; and

16.     The Court award all such other relief the Court may deem just, proper, and equitable.

*[Remainder of page intentionally left blank.]*

AMENDED COMPLAINT - 26

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3

DATED this 27th day of February, 2018.

FOSTER PEPPER PLLC


By: /s/ Jack Cullen
Jack Cullen, WSBA #7330
Andy Morton, WSBA #49467
Ella Vincent, WSBA #51351
Adrienne McKelvey, WSBA #50990
*Attorneys for Plaintiff Kennewick Public
Hospital District*

AMENDED COMPLAINT - 27

52941862.3

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 27, 2018, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM / ECF system which will in turn automatically generate a Notice of Electronic Filing ("NEF") to all parties in the case who are registered users of the CM / ECF system. The NEF for the foregoing specifically identifies the recipients of electronic notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of February, 2018 at Seattle, Washington.

                                        *s/ Jack Cullen*
                                        Jack Cullen, WSBA #7330
                                        Attorney for *Plaintiff Kennewick Public Hospital District*

CERTIFICATE OF SERVICE - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52941862.3