1  James P. Savitt, WSBA #16847                    Honorable Frederick P. Corbit
   Miles A. Yanick, WSBA #26603
2  SAVITT BRUCE & WILLEY LLP
   1425 4th Avenue, Suite 800
3  Seattle, WA 98101
   Telephone:  (206) 749-0500
4  Facsimile:   (206) 749-0600
   Email:      jsavitt@sbwllp.com
5  Email:      myanick@sbwllp.com

6  Daniel R. Merkle, WSBA #13589
   DANIEL R. MERKLE PS
7  1325 Fourth Avenue, Suite 940
   Seattle, Washington  98101-2509
8  Telephone:  206.624.9392
   Facsimile:  206.624.0717
9  Email:      danm@msfseattle.com

10 Attorneys for The University of Puget Sound

11                 UNITED STATES BANKRUPTCY COURT
                   EASTERN DISTRICT OF WASHINGTON
12

13  In Re:                          Case No.          17-02025-FPC9

14  KENNEWICK PUBLIC HOSPITAL        Adv. Proc. No.    17-80042-FPC9
    DISTRICT,
15
                   Debtor.
16

17

18

19

20

ANSWER TO AMENDED COMPLAINT,                    SAVITT BRUCE & WILLEY LLP
DEFENSES, AND COUNTERCLAIM – 1                    1425 Fourth Avenue Suite 800
Case No. 17-02025-9, Adv. Proc. No. 17-80042         Seattle, Washington  98101-2272
                                                           (206) 749-0500

| | |
|---|---|
| KENNEWICK PUBLIC HOSPITAL DISTRICT, a Washington public hospital district,<br><br>                    Plaintiff,<br><br>    v.<br><br>THE UNIVERSITY OF PUGET SOUND, a Washington nonprofit corporation,<br><br>                    Defendant, | **THE UNIVERSITY OF PUGET SOUND'S ANSWER TO AMENDED COMPLAINT, DEFENSES, AND COUNTERCLAIM** |

## <u>ANSWER</u>

The University of Puget Sound (the "University") answers the allegations in the Amended Complaint for Declaratory Judgment, Quiet Title, Avoidance of Transfers, Recovery of Avoided Transfers, and Avoidance of Judgment ("Amended Complaint") as follows:

### I.    PARTIES

1.1    The University admits the allegations in paragraph 1.1.

1.2    The University admits the allegations in paragraph 1.2.

### II.    JURISDICTION AND VENUE

2.1    Paragraph 2.1 does not contain allegations requiring a responsive pleading.

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 2
Case No. 17-02025-9, Adv. Proc. No. 17-80042

1  2.2  The University admits that this Court has subject matter jurisdiction

2 to resolve the District's claims as pleaded but denies that the Ayers Property is

3 part of the property of the debtor or subject to this Court's jurisdiction.  The

4 allegations in paragraph 2.2 are otherwise denied.

5  2.3  The University admits the allegations in paragraph 2.3.

6      **III. FACTUAL BACKGROUND**

7  3.1  Paragraph 3.1 does not contain allegations requiring a responsive

8 pleading.

9  **The Ayers Property and Wills**

10  3.2  The University admits the allegations in paragraph 3.2.

11  3.3  The University admits the allegations in paragraph 3.3.

12  3.4  The University admits that the Wills devised legal title to the Ayers

13 Property to the District as trustee for the benefit of the University and itself, that

14 the Wills required the District to supervise the Ayers Property without charge,

15 including the preparation of annual accountings of all receipts and disbursements

16 relating to it, and that the Wills required the District to turn over to UPS one-half

17 of all the net proceeds from the Ayers property, together with the annual

18 accounting of receipts and disbursements.  The University denies allegations in

19 paragraph 3.4 purporting to summarize or paraphrase the provisions of the Wills

20

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 3
Case No. 17-02025-9, Adv. Proc. No. 17-80042

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1    to the extent such allegations are incomplete or inconsistent with the Wills as a

2    whole.  The allegations in paragraph 3.4 are otherwise denied.

3        3.5    The University admits the allegations in the first sentence of

4    paragraph 3.5, although the word "trust" was contemporaneously used, e.g., in the

5    deeds effecting the transfer of legal title, to describe what the Wills created.  The

6    allegations in paragraph 3.5 are otherwise denied.

7        3.6    The University admits the allegations in paragraph 3.6.

8        3.7    The University admits the allegations in paragraph 3.7.

9        3.8    The University admits the allegations in paragraph 3.8, but the deeds

10   do provide contemporaneous acknowledgement of the trust provisions of the

11   Wills and rights and interests they created and provide notice of those provisions,

12   rights, and interests in the chain of title.

13   **The 2006 Action**

14       3.9    The University admits the allegations in paragraph 3.9.

15       3.10   The University admits that, before and after the 2006 Action, the

16   District held legal title to the Ayers Property as trustee for the benefit of the

17   University and itself.  The allegations in paragraph 3.10 are otherwise denied.

18       3.11   The University admits the allegations in paragraph 3.11.

19       3.12   The University admits that the stipulation resulted in a judgment

20   concluding the 2006 Action, which removed the restraints at issue while

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 4
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1 expressly preserving all rights and interests of the University under the trust

2 provisions of the Wills. The allegations in paragraph 3.12 are otherwise denied.

3     3.13   The University admits the allegations in paragraph 3.13.

4     3.14   The University admits that the 2009 Judgment did not itself create a

5 trust, but it did expressly preserve all rights and interests of the University under

6 the trust provisions of the Wills. The allegations in paragraph 3.14 are otherwise

7 denied.

8     3.15   The University denies the allegations in paragraph 3.15.

9 **The District's Water Rights**

10     3.16   The University admits the allegations in paragraph 3.16, and that the

11 District sought the University's assistance and cooperation in these proceedings.

12     3.17   The University admits the allegations in paragraph 3.17.

13 **Sales of Parcels of the Ayers Property**

14     3.18   The University admits the allegations in paragraph 3.18.

15     3.19   The University admits that the District entered into a Purchase

16 Agreement with Easterday, that the sale to Easterday included the sale of water

17 rights directly related to, derived from, and dependent upon the Ayers Property

18 held in trust, and that the Purchase Agreement purported to allocate $6,000,000 of

19 the purchase price to such water rights and $1,377,000 of the purchase price to

20

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 5
Case No. 17-02025-9, Adv. Proc. No. 17-80042

**SAVITT BRUCE & WILLEY** LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

1  the land assuming no water rights.  The allegations in paragraph 3.19 are

2  otherwise denied.

3    3.20   The University denies the allegations in paragraph 3.20.

4    3.21   The University denies the allegations in paragraph 3.21.

5    3.22   The University admits the allegations in paragraph 3.22.

6    3.23   The University denies the allegations in paragraph 3.23.

7    3.24   The University admits that the District did not distribute any

8  proceeds from the 2014 Sales until the University compelled it to do so, and that

9  the District concealed the sale from the University.  The allegations in paragraph

10  3.24 are otherwise denied.

11  **The 2016 Settlement Agreement**

12    3.25   The University admits the allegations in paragraph 3.25.

13    3.26   The University denies the allegations in paragraph 3.26 purporting to

14  summarize or paraphrase the provisions of the 2016 Settlement Agreement to the

15  extent such allegations are incomplete or inconsistent with the 2016 Settlement

16  Agreement as a whole.  The University admits that, pursuant to the Agreement,

17  the District remitted to the University some of the trust proceeds it had

18  wrongfully withheld.  The allegations in allegations in paragraph 3.26 are

19  otherwise denied.

20

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 6
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

3.27   The University denies the allegations in paragraph 3.27 purporting to summarize or paraphrase the provisions of the 2016 Settlement Agreement to the extent such allegations are incomplete or inconsistent with the 2016 Settlement Agreement as a whole.  The University admits that the 2016 Settlement Agreement required the District to remit an initial payment that was more than $1,000,000 and that the District made the initial payment.  The allegations in paragraph 3.27 are otherwise denied.

3.28   The University denies allegations in paragraph 3.28 purporting to summarize or paraphrase the provisions of the 2016 Settlement Agreement to the extent such allegations are incomplete or inconsistent with the 2016 Settlement Agreement as a whole.  The University admits that the 2016 Settlement Agreement required the District to make a promissory note for $2,200,000 payable over 30 months with 6.5% interest per annum.  The University further admits that the 2016 Settlement Agreement required the District to sell the remaining Ayers Property and pay all proceeds to the University and that such proceeds would be applied, in part, to the payment obligations under the promissory note.  The 2016 Settlement Agreement also required the District to pay to the University one-half of any other income or proceeds of whatever type derived from or related in any manner to the Ayers Property.  The allegations in paragraph 3.28 are otherwise denied.

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 7
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

3.29    The University denies the allegations in paragraph 3.29.

3.30    The University admits the allegations in paragraph 3.30.

3.31    The University denies the allegations in paragraph 3.31.

**The 2017 Amendment**

3.32    The University admits the allegations in paragraph 3.32.

3.33    The University admits the allegations in paragraph 3.33.

3.34    The University denies allegations in paragraph 3.34 purporting to summarize or paraphrase the provisions of the 2017 Amendment to the extent such allegations are incomplete or inconsistent with the 2017 Amendment as a whole.  The University admits that the 2017 Amendment, among other things, allowed the University the option to receive transfer of the Remaining Ayers Property in fulfillment (in whole or in part) of the District's obligations as trustee under the trust provisions of the Ayers' Wills and the 2016 Settlement Agreement and that such transfer would enable the University to prepare, market, and sell the Remaining Ayers Property and apply the proceeds consistent with the parties' rights and obligations.  The allegations in paragraph 3.34 are otherwise denied.

3.35    The University denies allegations in paragraph 3.35 purporting to summarize or paraphrase the provisions of the 2017 Amendment to the extent such allegations are incomplete or inconsistent with the 2017 Amendment as a whole.  The University admits that the 2017 Amendment, among other things,

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 8
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

allowed the University the option to receive transfer of the Remaining Ayers Property and that such transfer would enable the University to prepare, market, and sell the Remaining Ayers Property and apply the proceeds consistent with the parties' rights and obligations. The allegations in paragraph 3.35 are otherwise denied.

3.36    The University admits that the 2017 Amendment set forth a process for calculating and satisfying the University's interests as a beneficiary under the trust provisions of the Ayers' Wills, under the 2016 Settlement Agreement, and in reimbursement or credit of costs incurred or to be incurred in connection with the subsequent sale of the Remaining Ayers Property. The University denies the allegations in paragraph 3.36 purporting to summarize or paraphrase the provisions of the 2017 Amendment to the extent such allegations are incomplete or inconsistent with the 2017 Amendment as a whole. The allegations in paragraph 3.36 are otherwise denied.

3.37    The University denies the allegations in paragraph 3.37 purporting to summarize or paraphrase the provisions of the 2017 Amendment to the extent such allegations are incomplete or inconsistent with the 2017 Amendment as a whole. The University admits that the 2017 Amendment requires the University to pay to the District any "Excess Transfer Value," as defined in the 2017 Amendment, and entitles the University to a judgment for any "Transfer Value

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 9
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

Deficiency," as defined in the 2017 Amendment. The allegations in paragraph 3.37 are otherwise denied.

3.38  The University denies the allegations in paragraph 3.38.

3.39  The University denies the allegations in paragraph 3.39.

**The Escrow Transaction**

3.40  The University denies the allegations in paragraph 3.40 purporting to summarize or paraphrase the provisions of the 2017 Amendment to the extent such allegations are incomplete or inconsistent with the 2017 Amendment as a whole. The University otherwise admits the allegations in paragraph 3.40.

3.41  The University admits that the District carried out various obligations required of it under the 2017 Amendment, including passing a resolution approving the 2017 Amendment and authorizing the transfer. The allegations in paragraph 3.41 are otherwise denied.

3.42  The University admits the allegations in paragraph 3.42.

3.43  The University admits that the Executed Transfer Documents were deposited in escrow and that the Deed has not yet been recorded in Benton County, where the Remaining Ayers Property is situated. The allegations in paragraph 3.43 are otherwise denied.

**The District's Bankruptcy and Postpetition Developments**

3.44  The University admits the allegations in paragraph 3.44.

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 10
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1      3.45    The University admits the allegations in paragraph 3.45.

2      3.46    The University admits the allegations in paragraph 3.46.

## IV.     FIRST CLAIM FOR RELIEF

### DECLARATORY JUDGMENT

4.1    The allegations in paragraph 4.1 do not require a responsive pleading.

4.2    The University denies the allegations in paragraph 4.2.

4.3    The University denies the allegations in paragraph 4.3.

4.4    The University denies the allegations in paragraph 4.4.

4.5    The University denies the allegations in paragraph 4.5.

4.6    The University admits that closing on the transfer of the Remaining Ayers Property has not yet occurred and that legal title to the property therefore has not yet transferred. The allegations in paragraph 4.6 are otherwise denied.

4.7    The University denies the allegations in paragraph 4.7.

4.8    The University denies that the District is entitled to the declaratory judgment described in paragraph 4.8.

## V.     SECOND CLAIM FOR RELIEF

### QUIET TITLE

5.1    The allegations in paragraph 5.1 do not require a responsive pleading.

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 11
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

1  5.2  The University denies the allegations in paragraph 5.2.

2  5.3  The University denies the allegations in paragraph 5.3.

3  5.4  The University denies the allegations in paragraph 5.4.

4  5.5  The University denies the allegations in paragraph 5.5.

5  5.6  The University admits that closing on the transfer of the Remaining

6  Ayers Property has not yet occurred and that legal title to the property therefore

7  has not yet transferred.  The allegations in paragraph 5.6 are otherwise denied.

8  5.7  The University denies the allegations in paragraph 5.7.

9  5.8  The University denies that the District is entitled to the judgment

10  quieting title described in paragraph 5.8.

## VI.  THIRD CLAIM FOR RELIEF

**AVOIDANCE AND RECOVERY OF ALLEGED UPS INTEREST IN REMAINING AYERS PROPERTY PURSUANT TO 11 U.S.C. §§ 544(A)(3), 550, AND 551 (IN THE ALTERNATIVE TO COUNTS I AND II)**

14  6.1  The allegations in paragraph 6.1 do not require a responsive

15  pleading.

16  6.2  The University denies the allegations in paragraph 6.2.

17  6.3  The University denies the allegations in paragraph 6.3.

18  6.4  The University denies the allegations in paragraph 6.4.

19  6.5  The University denies the allegations in paragraph 6.5.

20

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 12
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

6.6    The University denies that the District is entitled to the avoidance, recovery, and preservation described in paragraph 6.6.

## VII.    FOURTH CLAIM FOR RELIEF

### AVOIDANCE AND RECOVERY OF ESCROW TRANSACTION PURSUANT TO 11 U.S.C. §§ 544(A)(3), 550, AND 551

7.1    The allegations in paragraph 7.1 do not require a responsive pleading.

7.2    The University denies the allegations in paragraph 7.2.

7.3    The University admits that the Deed and Executed Transfer Documents were not recorded.  The allegations in paragraph 7.3 are otherwise denied.

7.4    The University denies the allegations in paragraph 7.4.

7.5    The University denies that the District is entitled to the avoidance, recovery, and preservation described in paragraph 7.5.

## VIII.  FIFTH CLAIM FOR RELIEF

### AVOIDANCE AND RECOVERY OF SETTLEMENT PAYMENTS AS CONSTRUCTIVELY FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(A)(1)(B), 550, AND 551

8.1    The allegations in paragraph 8.1 do not require a responsive pleading.

8.2    The University denies the allegations in paragraph 8.2.

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 13
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1    8.3    The University denies the allegations in paragraph 8.3.

2    8.4    The University denies that (a) characterization of the water rights as

3  real or personal property and (b) whether such rights "attached," are, or ever

4  were, relevant to the parties' rights as co-beneficiaries, or to the District's

5  obligations as trustee, with respect to such water rights or the proceeds derived

6  from them.  The allegations in paragraph 8.4 are otherwise denied.

7    8.5    The University denies the allegations in paragraph 8.5.

8    8.6    The University denies the allegations in paragraph 8.6.

9    8.7    The University denies the allegations in paragraph 8.7.

10   8.8    The University denies the allegations in paragraph 8.8.

11   8.9    The University denies the allegations in paragraph 8.9.

12   8.10   On information and belief, the University denies the allegations in

13 paragraph 8.10.

14   8.11   On information and belief, the University denies the allegations in

15 paragraph 8.11.

16   8.12   The University denies that the District is entitled to the avoidance,

17 recovery, and preservation described in paragraph 8.12.

18

19

20

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 14
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## IX. SIXTH CLAIM FOR RELIEF

### AVOIDANCE AND RECOVERY OF ESCROW TRANSACTION AS CONSTRUCTIVELY FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(A)(1)(B), 550, AND 551

9.1 The allegations in paragraph 9.1 do not require a responsive pleading.

9.2 The University admits the allegations in paragraph 9.2.

9.3 The University denies the allegations in paragraph 9.3.

9.4 The University lacks knowledge sufficient to answer the allegations in paragraph 9.4, and therefore denies the same.

9.5 The University denies the allegations in paragraph 9.5.

9.6 The University lacks knowledge sufficient to answer the allegations in paragraph 9.6, and therefore denies the same.

9.7 The University denies that the District is entitled to the avoidance, recovery, and preservation described in paragraph 9.7.

## X. SEVENTH CLAIM FOR RELIEF

### AVOIDANCE AND RECOVERY OF SETTLEMENT PAYMENTS AS CONSTRUCTIVELY FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(B), 550, AND 551, AND RCW 19.40.041(1)(B) AND 19.40.051(1)

10.1 The allegations in paragraph 10.1 do not require a responsive pleading.

10.2 The University denies the allegations in paragraph 10.2.

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 15
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

1    10.3    The University denies the allegations in paragraph 10.3.

2    10.4    The University denies that (a) characterization of the water rights as

3    real or personal property and (b) whether such rights "attached," are, or ever

4    were, relevant to the parties' rights as co-beneficiaries, or to the District's

5    obligations as trustee, with respect to such water rights or the proceeds derived

6    from them.  The allegations in paragraph 10.4 are otherwise denied.

7    10.5    The University denies the allegations in paragraph 10.5.

8    10.6    The University denies the allegations in paragraph 10.6.

9    10.7    The University denies the allegations in paragraph 10.7.

10    10.8    The University denies the allegations in paragraph 10.8.

11    10.9    The University denies the allegations in paragraph 10.9.

12    10.10 On information and belief, the University denies the allegations in

13    paragraph 10.10.

14    10.11 On information and belief, the University denies the allegations in

15    paragraph 10.11.

16    10.12 The University denies that the District is entitled to the avoidance,

17    recovery, and preservation described in paragraph 10.12.

## XI.    EIGHTH CLAIM FOR RELIEF

### AVOIDANCE AND RECOVERY OF ESCROW TRANSACTION AS CONSTRUCTIVELY FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544(B), 550, AND 551, AND RCW 19.40.041(1)(B) AND 19.40.051(1)

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 16
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

11.1　The allegations in paragraph 11.1 do not require a responsive pleading.

11.2　The University admits the allegations in paragraph 11.2.

11.3　The University denies the allegations in paragraph 11.3.

11.4　The University lacks knowledge sufficient to answer the allegations in paragraph 11.4 and therefore denies the same.

11.5　The University denies the allegations in paragraph 11.5.

11.6　The University lacks knowledge sufficient to answer the allegations in paragraph 11.6 and therefore denies the same.

11.7　The University denies that the District is entitled to the avoidance, recovery, and preservation described in paragraph 11.7.

## XII.　NINTH CLAIM FOR RELIEF

### AVOIDANCE AND RECOVERY OF CERTAIN SETTLEMENT PAYMENTS AS PREFERENCES PURSUANT TO 11 U.S.C. §§ 547, 550, AND 551

12.1　The allegations in paragraph 12.1 do not require a responsive pleading.

12.2　The University lacks knowledge sufficient to answer the allegations in paragraph 12.2 and therefore denies the same.

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 17
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

12.3 The University admits that one Settlement Payment was made within 90 days of the Petition Date. The allegations in paragraph 12.3 are otherwise denied.

12.4 The University denies the allegations in paragraph 12.4.

12.5 The University denies the allegations in paragraph 12.5.

12.6 The University admits that the Settlement Payments were made pursuant to the 2016 Settlement Agreement, under which the District agreed to remit to the University trust proceeds belonging to the University as beneficiary. The allegations in paragraph 12.6 are otherwise denied.

12.7 The University denies the allegations in paragraph 12.7.

12.8 The University denies the allegations in paragraph 12.8.

12.9 The University denies the allegations in paragraph 12.9.

12.10 The University denies that the District is entitled to the avoidance, recovery, and preservation described in paragraph 12.10.

## XIII.  TENTH CLAIM FOR RELIEF

### AVOIDANCE AND RECOVERY OF ESCROW TRANSACTION AS PREFERENCE PURSUANT TO 11 U.S.C. §§ 547, 550, AND 551

13.1 The allegations in paragraph 13.1 do not require a responsive pleading.

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 18
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

13.2    The University lacks knowledge sufficient to answer the allegations in paragraph 13.2 and therefore denies the same.

13.3    The University admits the allegations in paragraph 13.3.

13.4    The University denies the allegations in paragraph 13.4.

13.5    The University denies the allegations in paragraph 13.5.

13.6    The University denies the allegations in paragraph 13.6 are otherwise denied.

13.7    The University denies the allegations in paragraph 13.7.

13.8    The University denies the allegations in paragraph 13.8.

13.9    The University denies the allegations in paragraph 13.9.

13.10 The University denies that the District is entitled to the avoidance, recovery, and preservation described in paragraph 13.10.

## XIV.  ELEVENTH CLAIM FOR RELIEF

### AVOIDANCE OF JUDICIAL LIENS PURSUANT TO 11 U.S.C. § 544(A)(1)

14.1    The allegations in paragraph 14.1 do not require a responsive pleading.

14.2    The University admits the allegations in paragraph 14.2.

14.3    The University denies the allegations in paragraph 14.3.

14.4    The University denies the allegations in paragraph 14.4.

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 19
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

# XV. PRAYER FOR RELIEF

Paragraphs 1–16 of the Prayer for Relief do not require a responsive pleading, but the University denies that the District is entitled to the relief sought.

## DEFENSES

The University asserts the following additional defenses to the claims in the Amended Complaint.

1. The District received reasonably equivalent value under the 2016 Settlement Agreement and the 2017 Amendment.

2. The District's claims are barred by the doctrines of waiver, laches, and estoppel.

3. The District's claims are barred by its prior settlement and release of its claims.

4. The District is precluded from receiving equitable relief under the doctrine of unclean hands.

## COUNTERCLAIM

The University incorporates (a) the factual allegations in the above Answer and (b) the facts alleged in the Amended Complaint to the extent such facts are admitted in the above Answer and further alleges as follows:

5. The Wills of J. R. Ayers and Alice H. Ayers placed the Ayers Property in trust. The District is trustee of the trust, and the University and the

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 20
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

District are its beneficiaries.  All net proceeds from the Ayers Property—however derived and in whatever form—also are to be held in trust and paid in equal shares to the University and the District.

6.     The University and the District expressly acknowledged and honored the trust created by the Ayers' Wills by their words and conduct from the time the trust was created until the District embarked upon the scheme to retain all proceeds from the Easterday and Bauder sales in 2014 without notifying the University.

7.     The District had a fiduciary duty to manage the Ayers Property and proceeds in the interest of the University, including but not limited to a duty not to:  (a) use trust property for its own gain or to further its own interests, (b) obtain rights or interests for itself that it was obligated to obtain for the trust, or (c) otherwise compete with the trust for an opportunity.

8.     The District and the University each understood and acknowledged that the District was seeking to develop water rights with regard to the Ayers Property on behalf of itself and the University as beneficiaries of the trust.  Based upon this mutual understanding and acknowledgement, the District charged against the trust proceeds amounts it spent in the efforts to obtain the water rights, without objection by the University, and the University assisted in obtaining the water rights, at the District's request.  The University's assistance included

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 21
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

stipulating to the judgment quieting title in 2006, thus allowing for the eventual sale of the Ayers Property.

9.     The District also represented to third parties, including the State of Washington, that the District was seeking to develop water rights with regard to the Ayers Property on behalf of itself and the University as beneficiaries of the trust land.

10.     The District's retention of proceeds from the Ayers Property, including those purportedly attributed to the water rights sold to Easterday, both resulted in a charge against the Remaining Ayers Property for such amount and created an obligation to remit to the University its share of the proceeds not distributed to it.  The 2016 Settlement Agreement recognized this and set forth the manner in which the District would honor its obligations as trustee with regard to both the proceeds wrongfully retained and the sale of and distribution of proceeds from the Remaining Ayers Property.

11.     Among other things, the 2016 Settlement Agreement provided that the District, as legal title-holder, would sell the remaining Ayers Property and that all of the proceeds from the sale would be paid directly to the University.  If the net proceeds were more than the amount of the University's interests as beneficiary, the surplus would be shared equally by the University and the District.

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 22
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

12. After the 2016 Settlement Agreement, the Remaining Ayers Property continued to be held by the District in trust as it always had been.

13. The 2017 Amendment enabled the sale of the Remaining Ayers Property held in trust and the distribution of the proceeds from the sale so as to fulfill the trust obligations to the University and the intent of the Ayers. Thus, the 2017 Amendment allowed the District to shift to the University the burden and expense of marketing and selling the remaining Ayers Property and set forth how those costs would be allocated.

14. Alternatively, the 2017 Amendment allowed the University to take title to the remaining Ayers Property so as to satisfy the trust obligations to the University as beneficiary. If the value of the property was insufficient to satisfy such obligations, the 2017 Amendment provided that the University would have only a money judgment for the deficiency. If one-half of the value of the remaining Ayers Property exceeded the trust obligations to the University as beneficiary, the Amendment required the University to remit the excess to the District.

15. The 2017 Amendment thus provided a means to carry out the trust obligations created by the Ayers' Wills, and the Ayers' directions, under the circumstances.

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 23
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

16. After the 2017 Amendment, the Remaining Ayers Property continued to be held by the District in trust as it always had been.

17. The fair value of the Remaining Ayers Property as of July 2017 was $3,641,282, which was less than the amount of the University's interest in that property as beneficiary in light of the District's retention of proceeds received from the Easterday and Bauder sales. Accordingly, the University holds the entire beneficial interest in the Remaining Ayers Property.

**Declaratory Judgment**

18. A controversy exists as to the parties' respective rights, interests, and obligations under the Ayers' Wills, the 1971 and 1973 Quit Claim Deeds, the 2016 Settlement Agreement, and/or the 2017 Amendment.

19. Based on the allegations in the Amended Complaint, the above Answer, and this Counterclaim, the University is entitled to declaratory judgment that:

    19.1 The Remaining Ayers Property is held by the District in trust and therefore is not part of the property of the debtor for purposes of the Bankruptcy Code;

    19.2 All proceeds derived from, by, or as a result of the Remaining Ayers Property—whether by sale, rent, or otherwise—are to

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 24
Case No. 17-02025-9, Adv. Proc. No. 17-80042

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

be held by the District in trust and therefore are not part of the property of the debtor for purposes of the Bankruptcy Code;

19.3 The University, as trust beneficiary, holds the entire beneficial interest in the Remaining Ayers Property and is entitled to all proceeds derived from, by, or as a result of the Remaining Ayers Property; and

19.4 Closing on the transfer under the 2017 Amendment may proceed forthwith.

## Prayer for Relief

Based on the foregoing Answer, Defenses, and Counterclaim, the University seeks entry of judgment:

A. Denying the relief sought in the Complaint;

B. Granting the declaratory relief sought in the Counterclaim;

C. Awarding the University its reasonable costs and attorneys' fees under the 2016 Settlement Agreement; and

D. Awarding such other relief, at law or in equity, as warranted by the facts as proved at trial or otherwise, including but not limited to imposition of a constructive trust or equitable lien on the Remaining Ayers Property and/or its proceeds.

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 25
Case No. 17-02025-9, Adv. Proc. No. 17-80042

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

DATED: April 5, 2018.

**SAVITT BRUCE & WILLEY LLP**

By:   *s/ James P. Savitt*
        *s/ Miles A. Yanick*
James P. Savitt, WSBA #16847
Miles A. Yanick, WSBA #26603
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
Telephone:  206.749.0500
Facsimile:  206.749.0600
Email:   jsavitt@sbwllp.com
            myanick@sbwllp.com

**DANIEL R. MERKLE PS**

By:   *s/ Daniel R. Merkle*
Daniel R. Merkle, WSBA #13589
1325 Fourth Avenue, Suite 940
Seattle, Washington  98101-2509
Telephone:  206.624.9392
Facsimile:  206.624.0717
Email:   danm@msfseattle.com

*Attorneys for The University of Puget Sound*

ANSWER TO AMENDED COMPLAINT,
DEFENSES, AND COUNTERCLAIM – 26
Case No. 17-02025-9, Adv. Proc. No. 17-80042

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 5, 2018 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 5th day of April, 2018 at Seattle, Washington.

_Nikki Kunz_
Nikki Kunz

CERTIFICATE OF SERVICE
Case No. 17-02025-9, Adv. Proc. No. 17-80042

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500