UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>KENNEWICK PUBLIC HOSPITAL DISTRICT,<br><br>    Debtor. | Case No. 17-02025-FPC9 |
| KENNEWICK LIQUIDATION TRUST,<br><br>    Plaintiff,<br><br> v.<br><br>THE UNIVERSITY OF PUGET SOUND, a Washington nonprofit corporation,<br><br>    Defendant, | Adv. Proc. No. 17-80042-FPC9<br><br>**STIPULATION DISMISSING CERTAIN CLAIMS** |

STIPULATION DISMISSING CERTAIN
CLAIMS
Adv. Case No. 17-80042-FPC9

Pursuant to Federal Rule of Bankruptcy Procedure 7041 and Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiff Kennewick Liquidation Trust (the "Liquidation Trust") and Defendant the University of Puget Sound (the "University") hereby stipulate and agree as follows:

1. The Escrow Transaction, as defined and set forth in paragraph 7.2 of the Plaintiff's Amended Complaint (ECF No. 56), has not closed, and the transfers contemplated by the documents deposited into escrow have not occurred. Any further transfer or sale of the remaining Ayers Property shall be as directed by the Court in accordance with the resolution of the pending claims and defenses. Therefore, the parties agree that:

   a. the claim for relief set forth in ¶ 19.4 of The University of Puget Sound's Answer to Amended Complaint, Defenses and Counterclaims (Doc 80) shall be dismissed with prejudice; and

   b. the Liquidation Trust is entitled to a declaratory judgment on its fourth, sixth, eighth, tenth and eleventh claims for relief set forth in the Amended Complaint for Declaratory Judgment, Quiet Title, Avoidance of Transfers, Recovery of Avoided Transfers, and Avoidance of Judgment (Doc 56) (the "Amended Complaint").

2. The parties also agree that the fifth, seventh and ninth claims for relief under the Amended Complaint shall be dismissed with prejudice and that

the University shall be entitled to a declaratory judgment that the payments identified in those claims are not avoided.

3. The judgments referenced in paragraphs 1 and 2 above shall not be entered as partial final judgments under Fed. R. Civ. P. 54(b) but rather shall be incorporated into the final judgment in this adversary proceeding.

4. Aside from the declaratory relief set forth in paragraphs 1 and 2 above, the parties shall not seek and are not entitled to any further relief in connection with the claims addressed in those paragraphs. For the avoidance of doubt, this stipulation is without prejudice to any argument regarding the applicability of the Settlement Agreement and/or the Amendment to define the parties' rights in the Ayers Property, if any.

5. The parties agree to the dismissals and judgments herein as a compromise, to avoid to costs and risks of litigation. In addition, the University's position is that the Escrow Transaction is moot in any event. Accordingly, nothing in this stipulation is or should be deemed to be an admission as to the merits of the claims settled herein or any related defenses, and neither party shall be deemed the prevailing party with regard to any such claims.

6. The parties further agree that each side shall bear its own costs and expenses incurred herein, and shall not seek to recover any such costs and expenses from the other.

STIPULATION DISMISSING CERTAIN
CLAIMS - 2
Adv. Case No. 17-80042-FPC9

7. Nothing in this stipulation is intended to have any impact or effect upon any claim, defense, remedy, or argument not explicitly addressed by this stipulation.  Without limitation, this stipulation is without prejudice to any argument or counter argument either party may make that (a) the disposition of the Ayers Property should be determined by, and in accordance with the provisions of, the Settlement Agreement and/or the Amendment, or (b) the Settlement Agreement and/or the Amendment eliminated any equitable interest the University may have held in the Ayers Property.  Nothing in this stipulation shall have any impact or effect on the Court's Order Re Summary Judgment Motions (Doc 126) or any argument the Liquidation Trust or the University may make before this Court or in connection with any appeal with regard to such order.

8. The parties agree that an order approving this stipulation may be entered forthwith.

SO STIPULATED AND AGREED THIS 26th DAY OF APRIL, 2019:

STIPULATION DISMISSING CERTAIN
CLAIMS - 3
Adv. Case No. 17-80042-FPC9

**BUSH KORNFELD LLP**

By: *s/ James L. Day*
    James L. Day, WSBA #20474
    Thomas A. Buford, WSBA #52969
    601 Union Street, Suite 5000
    Seattle, Washington 98101-2373
    Telephone: (206) 292-2110
    Facsimile: (206) 292-2104
    Email: jday@bskd.com
           tbuford@bskd.com
*Attorneys for Kennewick Liquidation Trust*

**SAVITT BRUCE & WILLEY LLP**

By: *s/ James P. Savitt*
    James P. Savitt, WSBA #16847
    Miles A. Yanick, WSBA #26603
    1425 Fourth Avenue, Suite 800
    Seattle, Washington 98101-2272
    Telephone: 206.749.0500
    Facsimile: 206.749.0600
    Email: jsavitt@sbwllp.com
           myanick@sbwllp.com

**DANIEL R. MERKLE PS**

By: *s/ Daniel R. Merkle*
    Daniel R. Merkle, WSBA #13589
    1325 Fourth Avenue, Suite 940
    Seattle, Washington 98101-2509
    Telephone: 206.624.9392
    Facsimile: 206.624.0717
    Email: danm@msfseattle.com
*Attorneys for The University of Puget Sound*

STIPULATION DISMISSING CERTAIN CLAIMS - 4
Adv. Case No. 17-80042-FPC9